# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUEH CHEN and CHEN C. WU, individuals, <br><br> Plaintiffs, <br> vs. <br> PMC BANCORP, a California corporation, 01HOMELOAN, ONE WEST BANK, FIDELITY NATIONAL TITLE COMPANY, NDEX WEST, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, and DOES 1 through 20, <br><br> Defendants. | CASE NO. 09cv2704-WQH-BLM <br><br> ORDER |

HAYES, Judge:

The Matter before the Court is the Ex Parte Application for Temporary Restraining Order ("Application for TRO") filed by Plaintiffs Yueh Chen and Chen C. Wu. (Doc. # 18).

**I.   Background**

On December 3, 2009, Plaintiffs initiated this action by filing a Complaint in this Court. (Doc. # 1).

**A.   Allegations of the Complaint**

The Complaint, which is verified by Plaintiff Chen C. Wu, alleges that on December 13, 2006, Plaintiffs refinanced their primary residence, located at 1088 Camino Del Sol, San Marcos, California ("Property"), through a loan in the amount of $500,000. Plaintiffs financed the Property by signing a note in the principal amount of $500,000, secured by a deed of trust

from Defendant PMC Bancorp ("PMC"), the originating lender. During the loan application process, Plaintiffs accurately provided their yearly income. "Defendants did not show Plaintiffs what exact amounts were eventually stated with respect to their income in the loan application." (Doc. # 1 ¶ 9). Defendants "Homeloan and PMC submitted [an] inflated stated income amount" in order to secure approval of the loan. (Doc. # 1 ¶ 11).

"[D]uring the course of the loan application process, two copies of the Notice of Right to Cancel, as required under [the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.], that stated a transaction date and the expiration date of the rescission period, were not provided in the closing packet. In addition, Plaintiffs were not provided with the initial disclosure and final disclosure documents including those required by [the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 et seq.], [and] TILA...." (Doc. # 1 ¶ 12).

"The initial Notice of Default filed by Defendant [NDEX West, LLC ("NDEX")] on August 28, 2009, was flawed and failed to comply with California Civil Code § 2924. When the Notice of Default was prematurely filed by NDEX, it was not the trustee on the Deed of Trust, as [Defendant] National Fidelity Title Company was still the Trustee on the Deed of Trust. NDEX was not substituted as trustee on the Deed of Trust until November 3, 2009, nearly two months after the original Notice of Default was already filed, in clear violation of § 2924." (Doc. # 1 ¶ 13).

The Complaint alleges eight claims: (1) intentional misrepresentation; (2) breach of fiduciary duty; (3) quiet title; (4) violations of TILA; (5) violation of RESPA; (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (7) violation of California Civil Code § 1632; and (8) violation of California Civil Code § 2924.

On December 3, 2009, Plaintiffs filed a Notice of Pendency of Action, also known as a lis pendens, stating that this action "alleges a real property claim affecting title and right of possession of" the Property at issue. (Doc. # 3 at 2).

**B.     Application for TRO**

On February 12, 2010, Plaintiffs filed the Application for TRO. (Doc. # 18). Plaintiffs move the Court for "a Temporary Restraining Order restraining, enjoining and preventing

1  Trustee NDEX West, LLC ... and Defendant One West Bank, F.S.B. ... and their agents ... from
2  selling Plaintiffs' house at Trustee's Sale currently set for February 17, 2010 at 10:00 a.m. at
3  the entrance to the East County Regional Center ..., El Cajon, CA."  (Doc. # 18 at 1).

4       The Application for TRO contains two exhibits, both of which were referenced in the Complaint. The first exhibit is a Notice of Default and Election to Sell under Deed of Trust ("Notice of Default"), which was filed in the San Diego County Recorder's Office on August 28, 2009. (Doc. # 18-2). The Notice of Default notified Plaintiffs that their account was in default by an amount of $11,726.68 as of August 27, 2009, and it contains an affidavit which states: "The mortgagee, beneficiary or authorized agent has contacted the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure in compliance with Cal. Civ. Code Section 2923.5. Thirty days or more have elapsed since the borrower was contacted."  (Doc. # 18-2 at 3). The Notice of Default was signed by "NDEX WEST, LLC as Agent for Beneficiary."  (Doc. # 18-2 at 2).

14       The second exhibit attached to the Application for TRO is a "Substitution of Trustee," which states that, on October 21, 2009, the beneficiary under the Deed of Trust, Defendant Deutsche Bank National Trust Company, substitutes NDEX as trustee under the Deed of Trust. (Doc. # 18-3 at 2). The Substitution of Trustee was filed with the San Diego County Recorder's Office on November 3, 2009. (Doc. # 1 ¶ 13; *see also* Doc. # 19-1, Ex. 4).

19       In the brief accompanying the Application for TRO, Plaintiffs contend that they are likely to prevail on the merits of their claims for violation of California Civil Code § 2924. Plaintiffs contend:

> [The Notice of Default] was not filed by either the 'trustee, mortgagee or beneficiary' as required by statute.... [T]he Notice of Default was recorded by NDEX ([on] August 28, 2009) before NDEX had any position of record concerning the Deed of Trust on this property. NDEX was not acting as a trustee or beneficiary when it recorded the Notice of Default and had no actual interest in the property whatsoever until the Substitution of Trustee was recorded (filed on October 21, 2009 and recorded on November 3, 2009), over two months after the Notice of Default was originally filed.... Defendants had no right to file the original Notice of Default on the property and therefore they currently have no right to sell Plaintiffs' home at the scheduled Trustees sale. Therefore, a temporary restraining order should issue preventing Defendants from proceeding with the trustee's sale until this case can be heard on its merits.

(Doc. # 18-1 at 4-5). Plaintiffs additionally contend that "[t]he [foreclosure] sale date should

have been vacated when Defendants received the Notice of Rescission based on the material TILA violations in the PMC Loan documents." (Doc. # 18-1 at 6).

On February 12, 2010, Defendants NDEX, One West Bank, and Deutsche Bank National Trust Company (collectively, "Opposing Defendants") filed an opposition to the Application for TRO. (Doc. # 19). The Opposing Defendants contend that the Application for TRO should be denied on the following grounds: (1) the Opposing Defendants followed the proper foreclosure procedure pursuant to California Civil Code § 2924; (2) all of Plaintiffs' rescission claims "are barred by Plaintiff's failure to allege tender while requesting injunctive relief"; each of Plaintiff's causes of action fail to state a claim upon which relief may be granted; the equities weigh in favor of Defendants because "[i]t does not serve the interests of justice to allow Plaintiffs to occupy the Property essentially for free"; and "[t]here is no proof that Plaintiffs will pay insurance and taxes" or otherwise "protect the property throughout this litigation which jeopardizes Defendants' property interest." (Doc. # 19 at 5, 16-17).

On February 12, 2010, the Opposing Defendants filed a notice which states: "[T]he foreclosure sale on the property ... set for on or about February 17, 2010 has been continued by [the Opposing] defendants ... to a date on or after this Court rules on plaintiffs' ex parte application for a temporary restraining order/preliminary injunction or further order of this Court." (Doc. # 19-2 at 2).

**II.    Standard of Review**

When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Franklin v. Scribner*, Civil No. 07-0438, 2007 WL 1491100, at *3 (S.D. Cal., May 21, 2007); *Bronco Wine Co. v. U.S. Dep't of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).

To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, --- U.S. ----, 129 S. Ct. 365, 374 (2008); *see also Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

## III. Discussion

### 1. California Civil Code § 2924

Plaintiff contends that the Notice of Default "was not filed by either the 'trustee, mortgagee or beneficiary' as required by statute," and this "is fatal to the current Trustee's Sale as it taints the entire statutorily required non-judicial foreclosure sale process." (Doc. # 18-1 at 4, 6).

The non-judicial foreclosure statute provides that "[t]he trustee, mortgagee, or beneficiary, or *any of their authorized agents* shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code § 2924(a)(1) (emphasis added). California Civil Code § 2924 does not require that the trustee file the Notice of Default, but permits any of the beneficiary's authorized agents to do so. *See Wood v. Aegis Wholesale Corp.*, No. 09cv536, 2009 WL 1948844, at *4 (E.D. Cal., July 6, 2009). The Notice of Default at issue was filed in the San Diego County Recorder's Office by "NDEX WEST, LLC as Agent for Beneficiary." (Doc. # 18-2 at 2). There is no evidence in the record to rebut this evidence that NDEX was acting as the beneficiary's agent, as expressly permitted by Cal. Civ. Code § 2924.

In addition, the foreclosure procedure is not tainted by the fact that NDEX recorded the Notice of Default prior to the Substitution of Trustee. *See* Cal. Civ. Code § 2934a(c) (providing the notice procedures for when "the substitution [of trustee] is effected after a notice of default has been recorded but prior to the recording of the notice of sale"). In *Wood*, the court addressed the same argument Plaintiffs make here. The court stated:

> The fact that [defendant] recorded the Notice of Default three months before recording the Substitution of Trustee does not void the foreclosure procedure. Thus, because [defendant] had the authority as [the beneficiary]'s agent, to file the Notice of Default, it is immaterial to the validity of the foreclosure process

that [defendant] filed the Notice of Default before [defendant] was officially substituted as trustee.  Accordingly, Plaintiff has failed to show any procedural impropriety with respect to the non-judicial foreclosure proceedings.

*Wood*, 2009 WL 1948844, at *4 (citing *U.S. v. Hertz, Inc. v. Niobrara Farms*, 41 Cal. App. 3d 68, 85 (1974)).

This Court concludes that Plaintiffs have failed to demonstrate a likelihood of success on the merits of their claim that California Civil Code § 2924 was violated by the Defendants.

### 2.  **Tender**

Under California common law, "to enjoin a foreclosure sale due to non-judicial foreclosure defects, the trustor must in good faith tender amounts to cure the default." *Lopez v. Chase Home Fin., LLC*, No. CV 09-449, 2009 WL 981676, at *8 (E.D. Cal., Apr. 9, 2009) (citing *Karlsen v. Am. Sav. & Loan Ass'n,* 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.")).  Similarly, in order to prevail on a TILA rescission claim, the borrower will be obligated to tender the property the borrower received from the creditor under the loan. *See* 15 U.S.C. § 1635(b); 12 C.F.R. §226.23(d); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) (courts have the discretion to condition rescission upon the satisfaction of the tender requirement).

"By far, the majority of Courts to address the issue recently have required that borrowers allege an *ability* to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." *Garcia v. Wachovia Mortgage Corp.*, --- F. Supp. 2d ----, 2009 WL 3837621, at *3 (C.D. Cal., Oct. 14, 2009) (collecting cases).  This rule is in recognition of the principle that "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal. App. 3d at 117; *see also Garza v. Am. Home Mortgage*, No. CV 08-1477, 2009 WL 188604, at *5 (E.D. Cal., Jan. 27, 2009) ("The complaint fails to hint that Ms. Garza is able to fulfill her [tender] obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d).  Rescission is an empty remedy without

Ms. Garza's ability to pay back what she has received.").

The Court concludes that preliminary injunctive relief is not warranted in this case without a showing that Plaintiffs have the ability to tender. *See Reganit v. Kay-Co. Invs.*, No. 2:09cv1120, 2009 U.S. Dist. LEXIS 34883, at *3-*4 (E.D. Cal., Apr. 24, 2009) (finding, in denying an application for a temporary restraining order to enjoin a foreclosure sale, that success was unlikely because "Plaintiff has not indicated she is able to tender the requisite loan proceeds"). Neither the Complaint nor the Application for TRO contains any allegation or evidentiary showing related to Plaintiff's ability to tender. Accordingly, even if Plaintiffs had otherwise demonstrated a likelihood of success on their rescission claims, the Court concludes that Plaintiffs have not demonstrated any chance of success on the merits due to their failure to show the ability to tender. "When ... a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary." *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007).

**III.    Conclusion**

IT IS HEREBY ORDERED that the Ex Parte Application for Temporary Restraining Order is **DENIED**.  (Doc. # 18).

DATED: February 16, 2010

**WILLIAM Q. HAYES**
United States District Judge