1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10  YUEH CHEN and CHEN C. WU, individuals, | CASE NO. 09cv2704-WQH-BLM |
| 11                                          Plaintiffs, | ORDER |
| 12          vs. | |
| 13  PMC BANCORP, a California corporation, 01HOMELOAN, ONE | |
| 14  WEST BANK, FIDELITY NATIONAL TITLE COMPANY, NDEX WEST, LLC, | |
| 15  DEUTSCHE BANK NATIONAL TRUST COMPANY, and DOES 1 | |
| 16  through 20, | |
| 17                                          Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion for Judgment on the Pleadings, Or, Alternatively, Motion for Summary Judgment ("Motion for Judgment on the Pleadings"), filed by Defendants OneWest Bank, NDEX West, LLC, and Deutsche Bank National Trust Company ("OneWest Defendants") (Doc. # 30); the Motion for Judgment on the Pleadings, Or, in the Alternative, Motion for Summary Judgment ("Motion for Judgment on the Pleadings"), filed by Defendant PMC Bancorp ("PMC") (Doc. # 33); the Motion for Leave to File a Second Amended Complaint, filed by Plaintiffs Yueh Chen and Chen C. Wu (Doc. # 38); and the Ex Parte Application to Hear Motions Together, filed by Plaintiffs (Doc. # 39).

**Background**

On December 3, 2009, Plaintiffs initiated this action by filing a Complaint in this Court. (Doc. # 1). The Complaint asserted various causes of action related to a loan transaction.

1   On February 26, 2010, Plaintiffs filed a First Amended Complaint "as a matter of
2   course" pursuant to Federal Rule of Civil Procedure 15(a).  (Doc. # 24).

3   On March 17, 2010, the OneWest Defendants filed their Motion for Judgment on the
4   Pleadings.  (Doc. # 30).

5   On April 8, 2010, PMC filed its Motion for Judgment on the Pleadings.  (Doc. # 33).

6   On April 20, 2010, Plaintiffs filed the Motion for Leave to File a Second Amended
7   Complaint (Doc. # 38), and the Ex Parte Application to Hear Motions Together (Doc. # 39).
8   Plaintiffs contend that "[f]urther auditing of Plaintiff's loan documents and copies of
9   Documents on file in Defendant's [Request for Judicial Notice] have allowed Plaintiff to more
10  accurately determine and state the roles of the individual Defendants in the dispute and to
11  discover[] new evidence and allege new, legitimate claims for relief that Plaintiffs should be
12  allowed to assert against the Defendants."  (Doc. # 38-1 at 4).  Plaintiffs attached a proposed
13  second amended complaint to the Motion.  (Doc. # 38-2).

14  On April 21, 2010, the OneWest Defendants filed an opposition to the Motion for Leave
15  to File a Second Amended Complaint.  (Doc. # 41).  On May 10, 2010, PMC filed an
16  opposition to the Motion for Leave to File a Second Amended Complaint.  (Doc. # 51).
17  Defendants contend: the proposed amendments are futile (Doc. # 41 at 2; Doc. # 51 at 3);
18  Plaintiffs "engaged in bad faith by filing a motion [for leave to amend] without any supporting
19  evidence" (Doc. # 41 at 2); and Plaintiffs "have prejudiced Defendants by causing them to
20  unnecessarily file 2 motions for judgment on the pleadings" (*id*.).  Defendants request that the
21  Court condition leave to amend on Plaintiffs' payment of Defendants' attorney fees for filing
22  the motions for judgment on the pleadings.  PMC contends: "[C]onsidering the pleading of
23  additional claims, the court should dispose of the caps upon requests for admissions imposed
24  by local rules, especially since PMC has already served written discovery."  (Doc. # 51 at 4).

25  **Discussion**

26  Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely
27  given when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with
28  extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.

1   2003) (quotation omitted).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court

2   offered several factors for district courts to consider in deciding whether to grant a motion to

3   amend under Rule 15(a):

4        In the absence of any apparent or declared reason–such as undue delay, bad faith
     or dilatory motive on the part of the movant, repeated failure to cure deficiencies

5        by amendments previously allowed, undue prejudice to the opposing party by
     virtue of allowance of the amendment, futility of amendment, etc.–the leave

6        sought should, as the rules require, be 'freely given.'

7   *Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.

8   2004) (citing *Forman* factors).

9        "Not all of the [*Foman*] factors merit equal weight.  As this circuit and others have held,

10   it is the consideration of prejudice to the opposing party that carries the greatest weight."

11   *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

12   185 (9th Cir. 1987)).  "The party opposing amendment bears the burden of showing prejudice."

13   *DCD Programs*, 833 F.2d at 187.  "Absent prejudice, or a strong showing of any of the

14   remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting

15   leave to amend."  *Eminence Capital*, 316 F.3d at 1052.

16        After reviewing the proposed second amended complaint and considering the

17   submissions of the parties, the Court finds that the Motion for Leave to Amend should be

18   granted.  Any prejudice to Defendants in having to file the motions for judgment on the

19   pleadings is not sufficient to overcome the presumption under Rule 15(a) in favor of granting

20   leave to amend.  Defendants' requests for costs or sanctions are denied without prejudice to

21   renew in the event Plaintiffs again seek leave to amend.  PMC's request "for dispos[al] of the

22   caps upon requests for admissions imposed by local rules" (Doc. # 51 at 4) may be raised at

23   an appropriate time before the Magistrate Judge.

24        Because Plaintiffs have been granted leave to file a second amended complaint, the

25   Motions for Judgment on the Pleadings, which address the First Amended Complaint, are

26   denied.

27   //

28   //

09cv2704-WQH-BLM

1

**Conclusion**

2          IT IS HEREBY ORDERED that the Motion for Leave to File a Second Amended

3   Complaint is granted.  (Doc. # 38).  No later than fourteen (14) days from the date this Order

4   is filed, Plaintiffs shall file the proposed second amended complaint which is attached to the

5   Motion for Leave to File a Second Amended Complaint.

6          The Motions for Judgment on the Pleadings are denied.  (Doc. # 30, 33).  The Ex Parte

7   Application to Hear Motions Together is denied as moot.  (Doc. # 39).

8   DATED:  May 28, 2010

9                                                                        _William Q. Hayes_

10                                                                    **WILLIAM Q. HAYES**
                                                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-